## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| STERLING BELL, | 1:18-CR-00396-LMM-JEM |
| Defendant. | |

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION
## REGARDING DEFENDANT'S COMPETENCY

On February 12, 2019, a federal grand jury sitting in the Northern District of Georgia returned a nine-count superseding indictment charging Defendant with various firearm offenses. (Doc. 29.) On June 16, 2023, this Court ordered that Defendant be evaluated for competency. (Doc. 88.) On August 12, 2023, the evaluation concluded that Defendant was not presently competent but that he may be able to obtain competency. (Doc. 91.) This Court thus ordered, under 18 U.S.C. § 4241(d), that Defendant be hospitalized to determine whether there was a substantial probability that in the foreseeable future he would attain competency. (Doc. 92.) On August 16, 2024, this Court extended the time needed to attempt to restore Defendant's competency for 120 days. (Doc. 99.) On December 24, 2024, after Defendant was treated and evaluated at the Federal Medical Center in Devens, Massachusetts, a forensic evaluation was completed,

concluding that Defendant's competency had been restored. (Doc. 106.) The Court held a hearing on January 15, 2025, where both parties stipulated to the forensic evaluation's findings and concurred that Defendant is competent to proceed with the criminal proceedings in this case. (Doc. 105.) The Court **RECOMMENDS** that Defendant be found mentally competent to proceed with his criminal proceedings on the condition that Defendant continues to take his medication without interruption.

## I. COMPETENCY RESTORATION

On December 24, 2024, the Massachusetts Federal Medical Center Warden sent the Court Defendant's forensic evaluation completed by Paige Voehringer, Psy.D. (Doc. 106.) The report explains that Defendant is diagnosed with schizophrenia. (*Id.* at 6) While at the Medical Center, Defendant's "treatment goals were focused on medication management and participation in psychoeducational competency restoration groups." (*Id.* at 7.) The competency restoration groups aim to increase Defendant's understanding of the legal process and courtroom procedures. (*Id.*) Defendant complied well with the restoration program. (*Id.* at 7.)

Although Defendant suffers from mental illness, Dr. Voehringer concluded that Defendant is able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. (*Id.* at 7-11.) The report states:

> Regarding his competency-related capacities, Mr. Bell demonstrated a good factual understanding of general legal proceedings and a rational awareness of the proceedings against him. He appreciated

> the nature of his legal situation, maintained appropriate courtroom behavior, and described his ability to assist in his defense in a reasonable and rational manner. By the end of the evaluation period, Mr. Bell fully understood the various phases of legal processes and the roles of courtroom personnel. He exhibited knowledge of the charges against him, the nature of the government's case, and the potential consequences he could face during sentencing. He also identified ways in which he could utilize his attorney to address his questions and showed an ability to learn and retain information.
>
> In conclusion, based on the available information, the undesigned evaluator's clinical opinion is that Mr. Bell's current competency-related skills are not compromised by symptoms of serious mental illness or defect. He is capable of understanding the nature and consequences of the proceedings against him and is able to assist properly in his defense.

(*Id.* at 10-11.) While Dr. Voehringer opined that Defendant has been restored to competency, the doctor strongly recommended that Defendant continue his psychotropic medication, and that if he discontinued this treatment, his competency "could be undermine[d]." (*Id.* at 11.)

At the evidentiary hearing, each party stipulated to Dr. Voehringer's findings. (Doc. 31.)

## II. DISCUSSION

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted). The test for determining competency to stand trial is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding

of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted). "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." *Rahim*, 431 F.3d at 759. Although not settled, the Court will assume for purposes of resolving the issue of defendant's competency to stand trial in this case, that it is the government's burden to prove defendant is competent by a preponderance of the evidence. *United States v. Izquierdo*, 448 F.3d 1269, 1276-78 (11th Cir. 2006) (per curiam).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1259 (11th Cir. 2002) (internal marks and citation omitted); *see also Battle v. United States*, 419 F.3d 1292, 1299 (11th Cir. 2005) (per curiam) (same). Neither proof of "low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); *see also Battle*, 419 F.3d at 1299 (same). Nor does the fact that a defendant "has been treated with anti-psychotic drugs" render him per se incompetent to stand trial. *Medina*, 59 F.3d at 1107 (citation omitted). Quite often the best evidence of a defendant's competence to stand trial is the evidence of his or her behavior during the relevant time period, "especially the evidence of how he related to and communicated with others . . . ." *Wright*, 278 F.3d at 1259.

The undisputed evidence in this case demonstrates that Defendant has a sufficient present ability to assist his lawyer with a reasonable degree of rational understanding and that he has a rational and factual understanding of the proceedings. *Rahim*, 431 F.3d at 759. The evidence indicates that Defendant, following medication with antipsychotic drugs, is able to communicate with staff and doctors, to discuss with reasonable intelligence the criminal proceedings and charges pending against him, and to consider rationally and reasonably the events and circumstances resulting in his being charged. An understanding of complex issues or legal theories is not required. *See United States v. Hogan*, 986 F.2d 1364, 1373 (11th Cir. 1993) (finding that minor defects in the defendant's cognitive abilities did not render him incompetent, the court noted that "[e]ven perfectly competent defendants often do not fully comprehend the intricacies of some of the defensive theories offered by their lawyers. That level of comprehension is not a requirement of competency.").

Nor is there any evidence that defendant is suffering from medication side effects that would interfere with his ability to consult with and assist his lawyer or that impact his understanding of the proceedings. Drug treatment is a relevant factor for the Court to consider but does not in and of itself render a defendant incompetent. "'[A defendant] must present evidence demonstrating that the dosage given him affected him sufficiently adversely as to raise a doubt of his ability to consult with his lawyer and to have a rational understanding of the proceedings against him.' A bare allegation of the level of psychotropic drugs administered to [defendant] . . . is insufficient to meet this evidentiary

threshold." *Sheley v. Singletary*, 955 F.2d 1434, 1439 (11th Cir. 1992) (internal citation omitted) (quoting *Fallada v. Dugger*, 819 F.2d 1564, 1569 (11th Cir. 1987)); *see also United States v. Jimenez-Villasenor*, 270 F.3d 554, 559 (8th Cir. 2001) (same). Such evidence has not been presented in this case.

The undisputed evidence in this case demonstrates that Defendant's mental condition has improved with therapy and medication to such a degree that he is presently able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. Therefore, the undersigned finds that defendant is presently competent to stand trial, provided that he continues to take his antipsychotic medication.

### III. CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that the District Court find that defendant is competent to stand trial as he has the "present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and that he has] a rational as well as factual understanding of the proceedings against him." *Rahim*, 431 F.3d at 759 (internal marks and citation omitted). With no other pending motions, this case is **CERTIFIED READY FOR TRIAL**.

**SO RECOMMENDED**, January 21, 2025.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE